IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quatandreyah Thompson, ) | C/A No. 6:16-3169-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| The Lasik Vision Institute, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an employment discrimination action filed by a pro se litigant proceeding *in forma pauperis*. On September 26, 2016, this Court entered an Order to require Plaintiff to bring this action into proper form. [Doc. 9.] Because it appeared that the Clerk of Court had not mailed the necessary blank forms to Plaintiff, the Proper Form Order was mailed a second time to Plaintiff on October 27, 2016, with the forms attached, and the deadline was recalculated. In response to the Proper Form Order, Plaintiff only partially complied with the directions contained therein; she submitted the Answers to Court's Special Interrogatories on October 24, 2016, and she informed the Court that the only Defendant in this action is The Lasik Vision Institute. [Doc. 12.] However, Plaintiff did not submit other needed documents that this Court had requested.

Thus, on December 8, 2016, this Court entered a second Proper Form Order to direct Plaintiff to comply with the directions contained in the initial Order. [Doc. 18.] Plaintiff was warned that this was her final opportunity to comply with this Court's Proper Form Orders; and, she was instructed that if she did not fully comply with the directions contained in the initial Order and the second Proper Form Order within the time permitted, it may be recommended that this case be dismissed for failure to prosecute. [*Id.*]

Plaintiff did not respond to the December 8, 2016, Order, and the time for response lapsed. Plaintiff failed to submit a Form USM-285 and a complaint on the Court's form for pro se employment discrimination cases. Therefore, Plaintiff has failed to prosecute this case and has failed to comply with this Court's December 8, 2016, Order. It is recommended that this case should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure.[*] *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). **Plaintiff's attention is directed to the important notice on the next page.**

January 18, 2017  S/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

---

[*] This Court's standing order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), is applied to this action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).